UNITED STATES of America,
Plaintiff-Appellee,

v.

Terrance James TAYLOR, Frans Jacobus Theron, Paul George Stemm, Charles Allen West, Larry Stephen Huff, and Christopher Joseph Mancuso, Defendants-Appellants.

Nos. 86–1653, 86–1654, 86–1661, 86–1675, 86–1679 and 86–1683.

United States Court of Appeals,
Tenth Circuit.

Aug. 15, 1986.

Rehearing Denied Sept. 29, 1986.

---

James L. Eisenbrandt of Morris, Larson, King, Stamper & Bold, Overland Park, Kan., for defendant-appellant Terrence James Taylor.

Peter B. Bennett (William W. Robertson and John M. Simon, with him in brief), of Hannoch Weisman, Roseland, N.J., for defendant-appellant Frans Jacobus Theron.

Thomas M. Bradshaw of Hoskins, King, McGannon & Hahn, Kansas City, Mo., for defendant-appellant Larry Stephen Huff.

Arnold M. Stone of Friedman, Stone, LaScalla, Keto & Fingal, Orange, Cal., on brief for defendant-appellant Paul George Stemm.

Charles R. Breyer of Coblentz, Cahen, McCabe & Breyer, San Francisco, Cal., on brief for defendant-appellant Charles Allen West.

Robert D. Carrow, Mill Valley, Cal., on brief for defendant-appellant Christopher Joseph Mancuso.

Richard L. Hathaway, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with him on brief), Topeka, Kan., for plaintiff-appellee.

Before McKAY, SEYMOUR and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

These are consolidated appeals from an order denying motions to dismiss an indictment for alleged governmental improprieties in the accusatory process. The dispositive issue presented for review is whether the order has been made appealable by the holding in *United States v. Mechanik*, — U.S. ——, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). We conclude it has not and dismiss the appeal.

The defendants moved in the district court for dismissal of a multicount mail fraud indictment on several grounds: (1) invasion of the defense camp by the prosecution in violation of the attorney-client privilege and defendants' Sixth Amendment rights; (2) abuse of the grand jury through prosecutorial misconduct in the form of the prosecution's failure to present exculpatory evidence and its biasing of the grand jury with inadmissible, inflammatory, and prejudicial evidence; and (3) improper utilization of state officers in the grand jury investigation. The district court denied the motion together with a companion motion to suppress the evidence obtained as a result of the alleged intrusion

of the prosecution into the defense camp. Defendants have appealed, requesting a remand with an order to dismiss the indictment, or with an order requiring the government to disclose all grand jury testimony, a hearing on the issue of prosecutorial misconduct, a suppression hearing, and an order disqualifying persons having knowledge of privileged communications from participation in the trial. Finally, defendants request, as an alternative remedy, an order in the nature of mandamus or prohibition to "correct the clear and gross abuse of discretion by the lower court in failing to dismiss the indictment or suppress any evidence based upon the governmental intrusion into the defense camp."

## I.

The government contends that the issues raised are not ripe for appeal because the order denying the motion to dismiss is not a final judgment. *DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). The government further contends the case does not fall within the "collateral order" exception created by *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)[1] and followed in *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). It is argued that the issues raised here are neither collateral to nor separable from the principal issue of guilt as was the double jeopardy issue raised in *Abney. See also United States v. Claiborne,* 727 F.2d 842 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984).

The order appealed from in this case unquestionably falls outside *Abney* and *Cohen. United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982). Thus, the only question we must decide is whether an additional exception to the final judgment rule has

arisen from *Mechanik,* like Athena from the head of Zeus.

■ *Mechanik,* a postjudgment appeal, raised the issue of whether violation of Fed.R.Crim.P. 6(d) is a basis for dismissal of an indictment. Contrary to the single-witness limitation of Rule 6(d), two witnesses appeared together before the *Mechanik* grand jury. Despite a prior court of appeals holding that this violation "tainted" the grand jury process, the Supreme Court held the conviction of the defendants served to establish there was probable cause to support the indictment; hence, the convictions should stand, despite the Rule 6(d) violation. Speaking for the majority, Justice Rehnquist said:

> We assume for the sake of argument that the simultaneous presence and testimony of the two Government witnesses before the grand jury violated Rule 6(d), and that the District Court would have been justified in dismissing portions of the indictment on that basis had there been actual prejudice and had the matter been called to its attention before the commencement of the trial.... Although we do not believe that the defendants can be faulted for any lack of diligence, we nonetheless hold that the supervening jury verdict made reversal of the conviction and dismissal of the indictment inappropriate.
>
> ... The Rule protects against the danger that a defendant will be required to defend against a charge for which there is no probable cause to believe him guilty. The error involving Rule 6(d) in these cases had the theoretical potential to affect the grand jury's determination whether to indict these particular defendants for the offenses with which they were charged. But the petit jury's subsequent guilty verdict not only means that there was probable cause to believe that the defendants were guilty as charged, but that they are in fact guilty

---

1. In *Cohen,* the Supreme Court created a right of immediate appeal if three criteria are met. One, the order appealed from must fully dispose of the appellant's claim. Two, the order must resolve an issue completely collateral to the

pending action. Three, the order must involve an important right that would be irretrievably lost if appeal was postponed until after final judgment.

as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

. . . .

We express no opinion as to what remedy may be appropriate for a violation of Rule 6(d) that has affected the grand jury's charging decision and is brought to the attention of the trial court before the commencement of trial. We hold only that however diligent the defendants may have been in seeking to discover the basis for the claimed violation of Rule 6(d), the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation. In such a case, the societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings.

*Mechanik,* 106 S.Ct. 941–43 (footnote omitted).

Defendants argue the logical extension of *Mechanik* makes unreviewable *any* alleged irregularity which occurred during the charging process; but the contrary is true. *Mechanik* was carefully crafted along very narrow lines, and it has not resulted in another exception to the final judgment rule.

■ We perceive that the Court has drawn a distinction between a defendant's right not to stand accused except upon a finding of probable cause and a broader right to fundamental fairness throughout the criminal process, from initial investigation to final judgment. In *Mechanik,* no allegations were made that the government attempted to unfairly sway the grand jury or to otherwise affect the fairness of the accusatory process. There was no alleged

pervasive attempt to charge without cause or to undermine the defense. In short, there was no question whether the government had transgressed the defendants' rights to fundamental fairness. The error of which the prosecution was guilty, at worst, was technical, and, at most, could have affected only the grand jury's determination of probable cause. Since the error was not discovered until after the trial began, the trial was more than three months in duration, and the outcome effectively eliminated any question of whether there was probable cause, the Court found the error was harmless.

The Supreme Court in *Mechanik* did not hold that a Rule 6 violation of any sort or any other act which affects the fundamental fairness of the criminal proceedings discovered prior to trial is not justiciable after conviction. That is a critical distinction.

■ The issues raised by the defendants are not of the technical variety. They are asserting that their right to fundamental fairness has been adversely affected by the various acts of which they complain. A petit jury determination of guilt will not moot these issues because they go beyond the question of whether the grand jury had sufficient evidence upon which to return an indictment. Accordingly, to the extent they have been properly preserved, these issues can be raised upon appeal if the defendants are convicted. *See, e.g., United States v. Hinton,* 543 F.2d 1002 (2d Cir.), *cert. denied,* 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976). We see no justification for abandonment of the long-standing principle that disfavors piecemeal appeals; therefore, this appeal must be dismissed. *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982).[2]

## II.

■ Defendants seek extraordinary relief in the event we find their appeal on the

---

**2.** Defendants assert the appealability of the trial court's order refusing to suppress communications allegedly made in violation of the attorney-client privilege, citing *Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918). We have considered the argument and find it unpersuasive. *United States v. Calandra,* 706 F.2d 225 (7th Cir.1983). *See also In re Grand Jury Proceedings, Vargas,* 723 F.2d 1461 (10th Cir.1983).

merits is premature. The essence of their effort, however, is to obtain that which a premature appeal will not allow. In light of our conclusion that the matters underlying the request for this relief are better confined to postconviction appeals, compelling reason exists for denying the request out of hand.

■ The pursuit by mandamus of issues not reviewable on appeal is a misuse of the extraordinary remedy. It is a hoary principle that mandamus cannot be used as a substitute for appeal. *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Sanderson v. Winner,* 507 F.2d 477 (10th Cir.1974), *cert. denied,* 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975). *Accord Mid-America's Process Service v. Ellison,* 767 F.2d 684 (10th Cir. 1985). Indeed, the All Writs Act makes extraordinary process available only to aid in the jurisdiction of the issuing court. 28 U.S.C. § 1651. Traditionally, writs of the nature sought by defendants here have been granted only when a trial court has overreached its jurisdictional authority. *In re Dalton,* 733 F.2d 710 (10th Cir.1984), *cert. dismissed,* — U.S. —, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985); *Will,* 389 U.S. at 97, 88 S.Ct. at 274; *Sanderson,* 507 F.2d at 479.

We find nothing in the record before us which compels the conclusion that a writ of mandamus or prohibition must be issued to aid in the jurisdiction of this court. That jurisdiction is confined at this time to a proper appeal in accordance with 28 U.S.C. § 1291, and no extraordinary writ need be issued to perfect that jurisdiction. Indeed, as already noted, issuance of such a writ is contrary to that jurisdiction. Moreover, notwithstanding the defendants' arguments to the contrary, there is no indication in the record that the district court has usurped its authority or abused the exercise of its discretion. While we cannot and will not offer any opinion on the district court rulings raised in this abortive appeal, we are satisfied none of them rise to the level of abuse of discretion or jurisdiction.

The appeals are dismissed and the petitions for writs of mandamus and prohibition are denied. The mandate shall issue forthwith in all cases.