827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy BRICK, Defendant-Appellant.
 No. 87-3629
 United States Court of Appeals, Sixth Circuit.
 August 28, 1987.
 
 ORDER
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, JR., Circuit Judges.
 
 
 1
 The government moves to dismiss defendant Brick's appeal from the district court's order of June 17, 1987 which denied his motion to dismiss an indictment. Defendant's trial is scheduled to begin August 31, 1987. Defendant did not respond.
 
 
 2
 Brick was indicted on charges of conspiracy to possess with intent to distribute marijuana, 21 U.S.C. Sec. 846, interstate travel and foreign commerce to promote unlawful activity and aiding and abetting, 18 U.S.C. Secs. 1952 and 2, and possession with intent to distribute marijuana and aiding and abetting, 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. During the grand jury proceedings, the prosecutor advised witnesses that: 'Your testimony before the Grand Jury is secret and may not be disclosed by the Government or the Grand Jury to other persons except in accordance with law or pursuant to a Court order. The Grand Jury requests that you not discuss your testimony with others, except your attorney, if you wish.'
 
 
 3
 Brick contended that these instructions violated Fed. R. Crim. P. 6(e)(2) and he moved to dismiss the indictment because of irregularities in the grand jury proceedings. On June 17, 1987, the district court entered an order altering the government's instructions to witnesses but declining to dismiss the indictment. Brick timely appealed.
 
 
 4
 The question presented for review is whether the district court's order has been made appealable by the Supreme Court's decision in United States v. Mechanik, 475 U.S. 66, 106 S.Ct. 938 (1986). Therein, the court held that the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from a violation of Fed. R. Crim. P. 6(d). The Ninth Circuit subsequently concluded that Mechanik deprived an appellant of effective review of a claimed violation of Rule 6(e), therefore the district court's order was appealable under 28 U.S.C. Sec. 1291 as a collateral order in United States v. Benjamin, 812 F.2d 548 (9th Cir. 1987), citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949).
 
 
 5
 We do not choose to hypothesize circumstances in which a claimed violation of Rule 6(e) could affect a grand jury's decision whether to indict; we conclude only that those circumstances are not present in this case. Cf. United States v. Taylor, 798 F.2d 1337, 1340 (10th Cir. 1986) (Mechanik would not preclude post-trial review of claims of grand jury irregularity which raise issues 'beyond the question of whether the grand jury had sufficient evidence upon which to return an indictment.')
 
 
 6
 The motion to dismiss is ORDERED granted and appeal number 87-3629 is dismissed for lack of jurisdiction.