**UNITED STATES, Appellee,**

v.

**The LAROUCHE CAMPAIGN, et al.,
Defendants, Appellants.**

**No. 87–1731.**

United States Court of Appeals,
First Circuit.

Submitted Sept. 11, 1987.

Decided Sept. 17, 1987.

---

William B. Moffitt, Lisa Bondareff Kemler, William B. Moffitt & Associates, Alex-

andria, Va., L. Barrett Boss, and Asbill, Junkin, Myers & Buffone, Washington, D.C., on brief, for defendants, appellants.

John J.E. Markham, II, Asst. U.S. Atty., Frank L. McNamara, Jr., Acting U.S. Atty., Boston, Mass., and Mark D. Rasch, Trial Atty., U.S. Dept. of Justice, Washington, D.C., on brief, for appellee.

Before BOWNES, BREYER and SELYA, Circuit Judges.

PER CURIAM.

Defendants have been charged in an over one hundred count indictment with credit card fraud, conspiracy to obstruct the grand jury investigation of the credit card fraud, and criminal contempt. They seek to bring an interlocutory appeal from the district court's July 30, 1987, June 12, 1987, and August 29, 1987 orders denying their motion to dismiss the indictment because of various alleged abuses of the grand jury process. We conclude we lack appellate jurisdiction to hear these appeals because the orders sought to be appealed are not immediately appealable.

The type of grand jury abuse defendants complained about to the district court included the following. They contended that it was improper for the grand jury which was the victim or object of an alleged conspiracy to obstruct justice to be the one to return an indictment charging conspiracy to obstruct justice; that the grand jury was used to investigate a pending indictment; that exculpatory evidence had been withheld from the grand jury; that the prosecutor had asked questions before the grand jury implying wrongdoing without any basis for the questions; that just outside the door of the grand jury room the prosecutor had accused a witness of lying in a loud voice; that the indicting grand jury may have been presented with excessive hearsay, misleading summaries of earlier grand jury testimony or truncated, out of context excerpts from the transcripts of earlier tes-

timony; and that the government had violated Fed.R.Cr.P. 6(e)(2)'s secrecy provisions by disclosing impounded material to the press and public.[1] In general, according to defendants, the government had engaged in a persistent and pervasive pattern of grand jury abuse designed to compromise and undermine the impartiality of the grand jury in violation of the Fifth Amendment.

Defendants sought discovery of "ministerial" grand jury materials (including whether either transcripts of testimony or summaries of testimony had been presented to the grand jury and, if so, whose) as well as a description of the evidence presented to the first grand jury but not the second to substantiate and prove their allegations. Broad discovery was not allowed. In a June 12, 1987 memorandum and order, the district court denied all of defendants' motions to dismiss on the grounds of grand jury abuse with two exceptions. First, with respect to defendants' hearsay claims, the court requested the government to submit affidavits indicating whether transcripts or transcript summaries had been presented to the grand jury and, if so, the manner in which it was done and the reasons why entire transcripts had not been submitted. This explanation was to be presented initially *ex parte in camera* if the government contended such was necessary to protect grand jury secrecy. Second, with respect to the improper disclosure claims, the court concluded, on an incomplete record, that the government appeared to have misinterpreted an unimpoundment order (see footnote 1), but that defendants had not made a prima facie showing of prejudice justifying any sanctions. Because of the incomplete record, the court gave the parties additional time to supplement the record in particular respects.

Thereafter, an *ex parte in camera* affidavit with respect to the manner in which information was conveyed from one grand

---

1. The alleged violation of the secrecy provisions apparently stemmed from the government's interpretation of a district court's May 1985 margin endorsement of one of defendant's motions to unimpound. It is disputed whether only

counsel were intended to be allowed access to the materials or, rather, as the government interpreted the order, the materials were unimpounded generally with the result that the public would have access to them.

jury to the next was received, and the court, in a July 8, 1987 order, denied defendants relief with respect to their hearsay allegations. Similarly, in a July 30, 1987 order, the court, after receiving further submissions, denied relief with respect to defendants' claims predicated on the government's allegedly improper disclosure of impounded grand jury materials to the press and public. A further August 29, 1987 order denied defendant LaRouche's motions to dismiss.

On appeal, defendants contend, with respect to the merits of their appeal, that the district court erred both in refusing them an evidentiary hearing or further disclosure of grand jury material and in denying the motions to dismiss the indictment because of grand jury abuse.

First, however, is the jurisdictional question. As defendants recognize, with narrow exceptions, ordinarily a defendant may only appeal from a final judgment of conviction. They contend, however, that an interlocutory appeal from the denial of their motions to dismiss the indictment should be allowed in this case under the collateral order doctrine. Defendants say they have a right to be tried only upon charges brought by an unbiased, informed grand jury. Unless interlocutory appeal is allowed, this right will be irrevocably lost for two reasons. First, under the Supreme Court's decision in *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), if defendants are convicted, relief because of grand jury irregularities may not be available. Second, even if *Mechanik* does not preclude setting aside a conviction because of grand jury abuse, relief after conviction comes too late, for the asserted right not to be tried except upon indictment by an unbiased grand jury is lost. In other words, the asserted right is not merely a right not to be *convicted* in certain circumstances, but a right not to be *tried* unless the indicting grand jury was properly informed and unbiased.

Defendants point to no case accepting the argument that the Fifth Amendment confers a right not to stand trial unless grand jury proceedings are free of irregu-

larities and that hence any denial of such a right is immediately reviewable. Indeed, prior to *Mechanik*, the argument that the character of the Fifth Amendment grand jury provision was a right not to stand trial absent grand jury irregularities was rejected and it was concluded that flawed grand jury proceedings could be effectively reviewed and remedied after conviction. *United States v. Garner*, 632 F.2d 758, 765–766 (9th Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). We turn, therefore, to defendants' argument based on *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986).

The defendants in *Mechanik* were convicted of both conspiracy and substantive drug offenses. During their trial, they discovered that two witness had been present testifying together before the grand jury which had returned the superceding indictment on which defendants were tried, and they moved to dismiss the superceding indictment on the ground the simultaneous presence violated Fed.R.Cr.R. 6(d). The district court denied the motion, but on appeal from their final judgment of conviction, the Fourth Circuit determined that the simultaneous presence had violated Rule 6(d), that this violation had tainted the conspiracy portion of the superceding indictment, and that regardless of whether or not defendants had been prejudiced, the conspiracy conviction must be reversed and that portion of the indictment dismissed. The Supreme Court disagreed and reinstated the conviction. It reasoned that the purpose of Rule 6(d) was to protect a defendant against having to stand trial when there was no probable cause to believe him guilty. A petit jury's return of a guilty verdict, however, meant that there in fact had been probable cause, and hence "any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt." 106 S.Ct. at 942. The Court expressly stated no opinion concerning what remedy a district court, presented with a pre-trial motion to dismiss an indictment because of a Rule 6(d) violation, might properly grant. Cataloging the costs of retrial after conviction, however—

the expense of retrial, the pain of victims' having once again to retell their experiences, the risk that due to passage of time, dimming of memories, and dispersion of witnesses the prosecution may not be able to reprove its case, the adverse effect on deterence and rehabilitation—the Court concluded "the societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings." *Id.* at 942–943.

Consequently, defendants argue that if they were convicted and if *Mechanik*'s harmless error analysis were then applied on appeal to defendants' claim of grand jury abuse, defendants likely would be denied relief, and grand jury abuse would go uncorrected. They therefore contend that in order to afford them any effective relief and to deter grand jury abuse, their interlocutory appeal must be allowed. We disagree.

First, it is not a foregone conclusion beyond debate that if the abuse defendants claim were established, *Mechanik* would preclude relief after a judgment of conviction. The grand jury abuses alleged in the present case—violation of Rule 6's secrecy provisions, the presentation of misleading hearsay evidence, the government's trying of its case in the press—are different from the somewhat technical violation at issue in *Mechanik*. Consequently, the balancing of the societal costs of retrial against the societal interest in deterring the type of abuses alleged here may be different, and, conceivably, *Mechanik* may not foreclose relief after a judgment of conviction.

We recognize that a panel of the Ninth Circuit, one judge dissenting, has read *Mechanik* broadly to foreclose relief after conviction not simply for Rule 6(d) violations, but for those types of irregularities or abuses which potentially affect a grand jury's probable cause determination and that panel has therefore allowed an interlocutory appeal from the denial of a motion to dismiss an indictment based on alleged violation of Fed.R.Cr.P. 6(e)(2)'s secrecy provision. *United States v. Benjamin,* 812 F.2d 548, 552 (9th Cir.1987). *See also United States v. Dederich,* 825 F.2d 1317 (9th Cir.1987) (following *Benjamin,* one judge dissenting). There may be merit, however, in the Tenth Circuit's narrower reading of *Mechanik* in *United States v. Taylor,* 798 F.2d 1337 (10th Cir.1986). In *Taylor,* defendants sought dismissal of an indictment on the ground the prosecutor had invaded the defense camp, had failed to present exculpatory evidence to the grand jury, had presented inadmissible, inflammatory evidence, and had improperly used state officers in the grand jury investigation. The court rejected the argument that *Mechanik* made unreviewable after final judgment any and all irregularities occurring during the grand jury charging process:

"[T]he Court has drawn a distinction between a defendant's right not to stand accused except upon a finding of probable cause and a broader right to fundamental fairness throughout the criminal process, from initial investigation to final judgment. In *Mechanik,* ... [t]here was no alleged pervasive attempt to charge without cause or to undermine the defense. In short, there was no question whether the government had transgressed the defendants' rights to fundamental fairness. The error of which the prosecution was guilty, at worst, was technical, and, at most, could have affected only the grand jury's determination of probable cause."

*United States v. Taylor,* 798 F.2d 1337, 1340 (10th Cir.1986). The Tenth Circuit concluded that defendants' allegations asserted a violation of fundamental fairness, that *Mechanik* would not preclude relief being granted after conviction were the allegations established, and hence that the violations were not effectively unreviewable absent an interlocutory appeal. Therefore the appeal had to be dismissed. *See also United States v. Kilpatrick,* 821 F.2d 1456, 1466 (10th Cir.1987) (reaffirming *Taylor*). As in *Taylor,* the present allegations go beyond claims of technical violations and instead posit a calculated attempt by the government to undermine the impartiality of the grand jury.

■ But even if we assume that *Mechanik's* harmless error analysis were to be broadly applied to myriad types of alleged abuses in the charging process, we would not conclude an interlocutory appeal is warranted. The collateral order doctrine permits appeals from orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, *too important* to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949) (emphasis added). We think it would be the rare alleged abuse of the grand jury process which, while not important enough to warrant relief on direct appeal from a judgment of conviction, would be important enough to warrant the extraordinary step of an interlocutory appeal in a criminal case.

As defendants acknowledge, in criminal cases the Supreme Court has allowed interlocutory appeals in only three limited situations. *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (order denying motion to reduce bail immediately appealable); *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (interlocutory review of double jeopardy claim); *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) (review of denial of Congressman's motion to dismiss indictment based on violation of the Speech or Debate Clause). In rejecting attempts to expand the narrow class of interlocutory appeals, the Court has stressed the importance of "[p]romptness in bringing criminal cases to trial" and cautioned, accordingly, that the policy against piecemeal appeals is strongest in the field of criminal law. Delay—which is inherent in piecemeal appeals—increases the cost of pretrial detention or prolongs the period during which released defendants may commit other crimes, may impede the prosecutor's ability to prove its case if witnessess disappear or memories dim, and may adversely affect prospects for rehabilitation, the Court has indicated. *Flanagan v. United States*, 465 U.S. 259, 264, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984). Thus, some of the very considerations underlying the Court's conclusion in *Mechanik* that the societal costs of retrial after conviction were too substantial to justify setting aside a verdict because of a Rule 6(d) violation in the grand jury proceedings are the same considerations influencing the strictness with which the final judgment rule is applied in the criminal context.

Motions to dismiss an indictment are commonplace. Claims such as undue use of hearsay or withholding exculpatory evidence from grand jurors are run-of-the mill. Hence, to allow an interlocutory appeal in the present case would be to greatly increase the potential for delay in criminal proceedings and the burden on appellate courts. A motion to dismiss an indictment for some perceived unfairness followed by an interlocutory appeal could become a routine step for defendants wishing to delay their trial. In view of the strong policy against piecemeal appeals, we cannot conclude that the Supreme Court intended the effect of *Mechanik* to be to render denials of motions alleging unfairness in the grand jury process routinely immediately appealable. In short, if the defect (and its effect) in the grand jury proceeding is not significant enough to warrant relief after conviction, we doubt that the alleged right invaded by the defect is "important" enough, within the meaning of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), to call for an interlocutory appeal.

This is not to condone prosecutorial misconduct in the indicting process. Safeguards are available. Knowing violations of Fed.R.Cr.P. 6 may be punishable by contempt. *See* Fed.R.Cr.P. 6(e)(2). Prosecutorial abuse may be the subject of disciplinary action. *See, e.g.,* Local Rules of the United States District Court for the District of Massachusetts Rule 5(d). And, as was done here, defendants may move in the district court to dismiss the indictment.[2]

2. We do not now purport to determine in what circumstances dismissal of an indictment would

Interlocutory appellate review is not necessary. *Cf. In re Oberkoetter*, 612 F.2d 15, 17 (1st Cir.1980) (noting that the "right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice" and the competence of district courts to handle routine issues).

The appeal is dismissed for lack of appellate jurisdiction.

be an appropriate remedy for the district court to grant. *Cf. United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 943, 89 L.Ed.2d 50 (1986) ·(expressing no opinion on what relief a district court, confronted with a Rule 6(d) violation, should grant).