**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roosevelt DANIELS, et al.,
Defendants-Appellants.**

**No. 88–1767.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 16, 1988.

Decided May 31, 1988.

---

Douglas P. Roller, Rooks, Pitts & Poust, Michael B. Cohen, Michael H. King, Ross & Hardies, Kurt H. Feuer, Jon Stromsta, Allan A. Ackerman, Glenn Seiden, Seiden & Assoc., Chicago, Ill., for defendants-appellants.

Howard M. Pearl, Office of U.S. Atty. (Anton R. Valukas, U.S. Atty.), Chicago, Ill., for plaintiff-appellee.

Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

The five defendants in this case pleaded guilty to criminal charges filed against them but have not been sentenced. They have moved to withdraw their pleas on the ground that the grand jury that indicted them was serving beyond its term. After this court rejected a challenge to the tenure of the same grand jury, *United States v. Taylor*, 841 F.2d 1300 (7th Cir.1988), the district court declined to set aside the pleas. Contending that they want to make arguments not considered in *Taylor*, the defendants filed an interlocutory appeal.

The defendants have not been sentenced, so the appeal is premature. See *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754

(1982) (claim that the indictment is based on prosecutorial vindictiveness may not be appealed before judgment); *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (claim that the prosecution violates the Speedy Trial Clause may not be appealed before judgment). The defendants assert that because of *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), they will be unable to present any objection to the term of the grand jury on appeal from a final judgment, so they must be able to raise it now. There are three flaws in that position.

First, *Mechanik* holds only that once a defendant's guilt has been established beyond a reasonable doubt, he may not raise objections to those portions of the grand jury's procedure that are designed to prevent the accusation of innocent persons. See *United States v. Fountain*, 840 F.2d 509, 514–15 (7th Cir.1988). The authoritative determination of guilt establishes that any defects in the procedure did not lead to the accusation of an innocent person and shows that obtaining a new indictment would be a charade. Some rules, such as the ban on racial discrimination in the selection of grand jurors, serve other or additional ends and may be invoked to contest an indictment even after conviction. *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Mechanik*, 475 U.S. at 70 n. 1, 106 S.Ct. at 941–42 n. 1. Whether the grand jury was serving beyond its time is unrelated to the guilt or innocence of the defendants, so the authoritative resolution of their guilt at trial probably would not preclude making such a claim, if it is otherwise a ground for reversal. (Given the considerations discussed below, we need not decide whether "probably" is a necessary qualifier.)

Second, to the extent a resolution of factual guilt or innocence blots out a challenge to the procedures used before a grand jury, the defendants have lost their ability to pursue these claims already. They pleaded guilty, and a plea is as effective as a jury verdict in establishing factual guilt. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct.

1602, 36 L.Ed.2d 235 (1973); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The imposition of sentence on the pleas will not eliminate any claim defendants now possess. Of course they may possess none, for the plea of guilty surrenders any objections to defects in the institution of the proceedings that could have been raised as defenses. See *Tollett, Brady,* and, e.g., *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Perhaps defendants wish to present arguments along the line of *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); as the issue has not been briefed we do not say that the attack on the grand jury is forfeit. It is enough to say that imposition of sentence will not cause the defendants' position to deteriorate further.

Third, to the extent *Mechanik* bars review of grand jury questions on appeal from the final judgment, it does so because any errors are too insignificant to call for correction. If the errors are too insignificant after conviction, they are too insignificant before conviction. The Supreme Court has emphasized many times that criminal cases should not be interrupted by interlocutory appeals except in the most compelling circumstances. Multiple appeals produce leaden-footed justice and divert the time of courts from more pressing questions raised by other parties. See *Cobbledick v. United States*, 309 U.S. 323, 324–26, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). Interlocutory appeals on the approach of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), depend on the existence of a "right not to be tried"—in *Abney*, a right under the Double Jeopardy Clause. A "right not to be tried" is lost if not vindicated before trial. Defects in the initiation of the proceedings do not create "rights not to be tried". *Hollywood Motor Car* holds that objections to the procuring of an indictment may not be raised by interlocutory appeal. Grand jury claims therefore may not be raised by interlocutory appeal. *United States v. LaRouche Campaign*, 829 F.2d

250 (1st Cir.1987); contra, *United States v. Dederich*, 825 F.2d 1317 (9th Cir.1987). It may be that under *Mechanik* some claims are "lost" as a result of the trial. But this occurs, the Court emphasized, only when the results of the trial show that the claim was not serious to begin with. The possibility that a claim might be lost *because any error was harmless* is hardly a reason why the court should entertain an interlocutory appeal on the same subject. If that were enough to justify an appeal, every objection to a grant or denial of civil discovery would be appealable.

Many issues concerning discovery, class certification, the grant or denial of stays, and the disqualification of counsel are neither appealable before trial nor grounds for reversal after trial. E.g., *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (stays); *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (disqualification of counsel in criminal case); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (disqualification of counsel in civil case); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (class certification); *In re Schmidt*, 775 F.2d 822 (7th Cir.1985) (disqualification of counsel before grand jury). To say that a question may evade appellate review is not to say that it will evade *judicial* review; the district court has considered (and rejected) the defendants' contentions. If any error is sufficiently important to call for reversal on appeal from the final judgment, the defendants will have relief then; if it is not sufficiently material to call for reversal, there is no reason for appellate review at any time.

The appeal is dismissed for want of jurisdiction.