**UNITED STATES of America**

v.

**John M. POINDEXTER, et al., Appellants.**

**Nos. 88–3057, 88–3090, 88–3097, and 88–3105.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 30, 1988.

Jeffrey Toobin, Robert C. Longstreth, Associate Counsel, Herbert J. Stern, Special Counsel, and Lawrence E. Walsh, Independent Counsel, Washington, D.C., were on the pleadings for the Office of the Independent Counsel.

Frederick Robinson, Stephen M. McNabb, Joseph T. Small, Jr., and Richard W. Beckler, Washington, D.C., were on the pleadings for appellant John M. Poindexter.

Mark D. Attorri, Clement R. Gagne, III, Lawrence H. Wechsler, and N. Richard Janis, Washington, D.C., were on the pleadings for appellant Albert Hakim.

John D. Cline, Nicole K. Seligman, Terrence O'Donnell, Barry S. Simon, and Brendan V. Sullivan, Jr., Washington, D.C., were on the pleadings for appellant Oliver L. North.

Rosemary Herbert, John A. Powell, Kate Martin, Todd L. Burlingame, Theresa Fenelon, and Kevin R. Sullivan, Washington, D.C., were on the brief for amicus, American Civil Liberties Union.

## ON MOTIONS TO DISMISS AND PETITION FOR WRIT OF MANDAMUS

Before BUCKLEY, D.H. GINSBURG and SENTELLE, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellants John Poindexter, Oliver North and Albert Hakim have appealed various pre-trial orders of the district court. Appellants also seek extraordinary relief by way of mandamus. Arguing that the court is without jurisdiction to entertain the appeals, the United States has moved to dismiss. Because we agree that we are without jurisdiction to review the orders that are the subject of these interlocutory appeals, we grant the motions of the United States and dismiss. We also deny appellants' petition for a writ of mandamus.

I

In the appeals, appellants seek review of two orders, and a portion of a third, entered by the district court.[1] The thrust of

1. In No. 88–3105, appellant North has appealed the district court's denial of reconsideration of the earlier orders.

each appeal is the district court's denial of appellants' joint motion to dismiss the indictment and the alleged failure of the district court to accord appellants a "full and fair pretrial ... hearing on grand jury taint." The "taint" about which appellants complain is the alleged grand jury exposure to and use of highly publicized testimony given by each of appellants before an investigative committee of Congress. Each of appellants had testified under a grant of immunity pursuant to 18 U.S.C. § 6002 (1982). Appellants contend that the alleged use of that testimony by the grand jury is therefore in violation of *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

We do not reach the question of grand jury taint raised by the appeals as we hold that we are without jurisdiction under 28 U.S.C. § 1291. Section 1291 expressly limits the jurisdiction of the Courts of Appeals to "final decisions of the district courts." The Supreme Court has long held that the policy of finality embodied in this section is "inimical to piecemeal appellate review" and that this policy is "at its strongest" in the field of criminal law. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265, 102 S.Ct. 3081, 3082–83, 73 L.Ed.2d 754 (1982). Thus, except for a very limited number of cases that fall within the "collateral order" exception of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), appeals in criminal cases must await the termination of the proceedings by final judgment. *DiBella v. United States*, 369 U.S. 121, 124, 82 S.Ct. 654, 656–57, 7 L.Ed. 2d 614 (1962). Appellants contend that the orders on appeal satisfy the collateral order exception.

Orders that fall within the *Cohen* exception "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). On only three occasions has the Supreme

Court applied the *Cohen* exception to depart from the general prohibition against piecemeal appellate review in criminal cases. *See Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) (denial of Congressman's motion to dismiss a prosecution prohibited by the speech and debate clause); *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (denial of motion to dismiss indictment on double jeopardy grounds); *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (denial of motion to reduce bail). Each of these cases, in addition to satisfying the other requirements of *Cohen*, involved "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *United States v. MacDonald*, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552–53, 56 L.Ed.2d 18 (1978).

■ Appellants contend that the use of their compelled testimony violates their fifth amendment rights. In their view, the self-incrimination protection clause of the fifth amendment, like the double jeopardy clause construed in *Abney*, and the speech or debate clause [2] construed in *Helstoski*, confers a right not to be tried that must be upheld prior to trial if it is to be enjoyed at all. Specifically, appellants argue that they are constitutionally and statutorily protected from having their immunized testimony used against them "in any way." Thus, argue appellants, if they are forced to go to trial on an indictment which, in their view, is impermissibly "tainted" by the grand jury's use of immunized testimony, that testimony will have been improperly "used against them." We disagree.

The fifth amendment privilege against self-incrimination insures that "[n]o person ... shall be compelled in any criminal case to be a witness against himself...." The privilege therefore normally permits a witness to remain silent and refuse to give testimony when called upon to testify in a manner that would incriminate himself. The immunity statute, 18 U.S.C. § 6002, under which appellants were compelled to

---

2. U.S. Const., art. I, § 6, cl. 1.

testify before the Congressional Committee, reflects a Congressional choice to protect that privilege in defined circumstances by compelling the witness to give evidence but immunizing the witness against any direct or indirect use of that testimony in any criminal case.[3] By its terms the statute confers only *use* immunity. It does not confer transactional immunity under which the witness could not be prosecuted at all for the transaction about which he testifies. As the Supreme Court held in *Kastigar, supra,* this statute affords the witness the same protection as the fifth amendment "by assuring that the compelled testimony can in no way lead to the *infliction of criminal penalties." Kastigar,* 406 U.S. at 461, 92 S.Ct. at 1665 (emphasis added). The defendant in *Kastigar* had sought transactional immunity. But the Court held that, in order to compel incriminating testimony, the law need grant an immunity commensurate with that afforded by the fifth amendment privilege not a broader one. "The privilege has never been construed to mean that one who invokes it cannot subsequently be prosecuted." *Id.* at 453, 92 S.Ct. at 1661. Thus, appellants' claim that the immunity affords them a right not to be prosecuted at all is ill-founded.

Appellants may ultimately be correct in their assertion that if the grand jury's probable cause determination was "tainted" by the use of immunized testimony, dismissal of the indictment will be required to remedy the harm. Even when vindication of the defendant's rights requires dismissal of the charge altogether, however, an interlocutory appeal is not automatically justified. *United States v. Hollywood Motor Car Co.,* 458 U.S. at 269, 102 S.Ct. at 3084–85. If appellants' claims may effectively be reviewed on appeal from a final judgment of conviction, there is no justification for departing from the general prohibition against piecemeal review.

■ Appellants contend that post-judgment review of the claims raised here will be foreclosed by the decision of the Supreme Court in *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). In *Mechanik,* the Supreme Court was presented with a post-judgment appeal that raised the issue of whether a violation of Rule 6(d) of the Federal Rules of Criminal Procedure provided a basis for dismissal of an indictment. That rule limits the persons who may be present in the grand jury session to certain necessary court officials and the one witness then under examination. Contrary to this limitation, two witnesses before the *Mechanik* grand jury were present during each other's testimony. The defendants raised that error after the final verdict of guilty. The District Court denied their post-verdict motion for dismissal of the indictment. *United States v. Lill,* 511 F.Supp. 50 (S.D.W.Va.1980). The Fourth Circuit reversed. *United States v. Mechanik,* 735 F.2d 136 (4th Cir. 1984).

The Supreme Court reasoned that the purpose of Rule 6(d) is to protect a defendant from having to stand trial when there is no probable cause to believe him to be guilty. The return of a guilty verdict, however, meant that there in fact had been probable cause and as a result, "any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt." *Mechanik,* 475 U.S. at 70, 106 S.Ct. at 942.

In the present case, appellants contend that *Mechanik* makes post-judgment review of their claim of grand jury taint unavailable. If they are acquitted, the argument proceeds, the claimed error is moot. If they are convicted, then under their view of *Mechanik,* the error will be deemed harmless. Either way, they say, the right to review is lost unless it is afforded now. Again, we disagree.

To date, five circuits have addressed the issue whether allegations of grand jury abuse are effectively unreviewable post-judgment and, if so, whether the denial of a motion to dismiss an indictment based upon such abuse is subject to interlocutory review.

---

**3.** The only exception to this immunity applies to a prosecution for perjury, false statement, or otherwise failing to comply with the immunity order.

Appellants place great reliance upon the views of the Ninth Circuit Court of Appeals, which has construed *Mechanik* broadly so as to preclude most post-conviction review of alleged grand jury error. In *United States v. Benjamin*, 812 F.2d 548 (9th Cir.1987), for example, the defendants moved to dismiss the indictment on the ground that the government had violated the secrecy requirement of Rule 6(e) of the Federal Rules of Criminal Procedure by disclosing certain grand jury materials to a government witness who also had a separate civil suit pending against the defendants.

The court concluded that the alleged violations of Rule 6(e) implicated the grand jury's decision to indict, and that such violations would, therefore, be rendered harmless if the petit jury found appellants guilty beyond a reasonable doubt. Because the court would be unable to afford the defendants any post-conviction relief, it held that the district court's denial of the motion to dismiss was immediately appealable as a collateral order. *Id.* at 553.[4]

The Ninth Circuit stands alone, however, in reading *Mechanik* so broadly as to provide for interlocutory appeals raising issues of grand jury abuse. In *United States v. Midland Asphalt Corp.*, 840 F.2d 1040 (2d Cir.), *cert. granted*, — U.S. —, 108 S.Ct. 2869, 101 L.Ed.2d 905 (1988), the Second Circuit considered an interlocutory appeal from the denial of a motion to dismiss an indictment based upon alleged violations of Rule 6(e). Departing from the position taken by the Ninth Circuit, the court in *Midland* concluded that the different purposes that underlie Rule 6(d) and Rule 6(e) sufficiently distinguish *Mechanik* so as not to require interlocutory review of claimed violations of Rule 6(e).

The court concluded that the Rule 6(d) violation found in *Mechanik*, which affected only the grand jury's ability to make a fair determination of probable cause, differed significantly from violations of Rule 6(e), a rule that serves the "very different function" of "protect[ing] society's interest in keeping secret the identity of grand jury witnesses and persons under investigation." *Id.* at 1046. Thus, unlike a violation of Rule 6(d), a violation of Rule 6(e) is not rendered harmless simply because the defendant is convicted. Indeed, concluded the Second Circuit, the more egregious the violation of Rule 6(e), the more *likely* it becomes that the petit jury will convict. *Id.* Consequently, because post-conviction review of appellant's Rule 6(e) claims would be available, the appeal was dismissed as premature.

A slightly different perspective is found in *United States v. Taylor*, 798 F.2d 1337 (10th Cir.1986). In *Taylor*, the defendants had moved for dismissal of the indictment because the prosecution had "inva[ded] the defense camp," had failed to present exculpatory evidence to the grand jury, had biased the grand jury with "inadmissible, inflammatory, and prejudicial evidence," and had improperly used state officers in the grand jury investigation. *Id.* at 1338. The district court denied the motion and defendants sought an interlocutory appeal. *Id.* at 1338–39. The court of appeals dismissed, holding that the grand jury abuses could effectively be reviewed after final judgment. *Id.* at 1340.

Post-conviction review was available, in the Tenth Circuit's view, because unlike the "technical" violation found in *Mechanik*, the allegations raised by the *Taylor* defendants attacked the "fundamental fairness" of the criminal proceedings. A determination of guilt by the petit jury would not "moot" these issues, because they go beyond the question of whether the grand jury had sufficient evidence upon which to return an indictment. Because these claims would be justiciable following conviction, an interlocutory appeal was not warranted. *Id.* at 1340.

---

4. *Accord United States v. Dederich*, 825 F.2d 1317 (9th Cir.1987). In *Dederich*, the Ninth Circuit held a denial of a motion to dismiss an indictment for prosecutorial misconduct in the grand jury stage to be an appealable interlocutory order on the *Benjamin* rationale. Significantly, however, that case also held that defendants' immunity claim could not be the subject of a pre-judgment appeal.

Similarly, in *United States v. LaRouche Campaign*, 829 F.2d 250 (1st Cir.1987), the defendants claimed that the government had engaged in a "persistent and pervasive pattern" of grand jury abuse, including violations of Rule 6(e). *Id.* at 251. The district court denied defendants' motion to dismiss the indictment and an immediate appeal followed.

The defendants urged the court of appeals to review pre-trial their claims of grand jury abuse, arguing that the fifth amendment guaranteed to them a right to be tried only upon charges brought by an unbiased, informed grand jury. Unless an interlocutory appeal were allowed, argued the defendants, *Mechanik* insured that that right would be irrevocably lost.

The court quickly rejected defendants' suggestion of a general "right not to be *tried*" guaranteed by the fifth amendment. *Id.* at 252 (emphasis in original). The court further concluded that *Mechanik* did not require a departure from the general rule that flawed grand jury proceedings may effectively be reviewed and remedied following conviction. *Id.* at 254.

Similar to the view taken by the Tenth Circuit in *Taylor*, the court narrowly read *Mechanik* so as not to encompass the type of grand jury abuse alleged by the defendants. Claimed violations of Rule 6(e)'s secrecy provisions, the presentation of misleading hearsay evidence, and the government's trying of its case in the press, were all viewed by the court to be significantly different from the "somewhat technical violation" found in *Mechanik*. *Id.* at 253. Consequently, the court was unconvinced that review of these alleged abuses would be foreclosed on appeal following conviction.

Moreover, the court concluded that even if *Mechanik's* harmless error analysis were to be broadly applied to encompass such abuses, an interlocutory appeal would nevertheless be unwarranted. Stressing that the collateral order doctrine only permits appeals from orders that " 'finally determine claims of right ... *too important* to be denied review ...,' " *id.* at 254 (quoting *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1226) (emphasis in original), the court concluded that "it would be the rare alleged abuse of the grand jury process which, while not important enough to warrant relief on direct appeal from a judgment of conviction, would be important enough to warrant the extraordinary step of an interlocutory appeal in a criminal case." *Id.* In short, if the claimed defect in the grand jury proceeding is "not significant enough to warrant relief after conviction, [it is doubtful] that the alleged right invaded by the defect is 'important' enough ... to call for an interlocutory appeal." *Id.* (citations omitted).

This view has recently been endorsed by the Seventh Circuit. In dismissing an appeal from the denial of a motion to withdraw pleas of guilty to charges contained in an indictment returned by a grand jury allegedly sitting beyond its term, the court rejected the defendants' *Mechanik* claim in part because

to the extent *Mechanik* bars review of grand jury questions on appeal from the final judgment, it does so because any errors are too insignificant to call for correction. If the errors are too insignificant after conviction, they are too insignificant before conviction.

*United States v. Daniels*, 848 F.2d 758, 760 (7th Cir.1988).

We agree with the view expressed by the First Circuit in *LaRouche* and the Seventh Circuit in *Daniels*. Even if we assume that *Mechanik* would foreclose post-judgment review of the claims raised here, an interlocutory appeal would nevertheless not be justified. The collateral order doctrine permits appeals from orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action *too important* to be denied review...." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1226 (emphasis added). Thus, if this court, on appeal following entry of a judgment of conviction, declines to review the claims of error asserted here, it will be because the court will have concluded that the asserted error resulted in no unfair prejudice to appellants and, as a consequence, was harmless beyond a reasonable

doubt. If the claimed error will not be important enough to warrant correction on appeal from final judgment, it most assuredly is not important enough to warrant the extraordinary step of an interlocutory appeal. *LaRouche Campaign,* 829 F.2d at 254; *Daniels,* 848 F.2d at 760.

Based upon the foregoing, we conclude that we are without jurisdiction to entertain these consolidated appeals. 28 U.S.C. § 1291.[5] Accordingly, the motion of the United States is granted, and the appeals are dismissed.

## II

■ In anticipation of our conclusion that their appeals are premature, appellants also seek extraordinary relief by way of mandamus. Claiming that the "pervasive dissemination" of their immunized testimony and the district court's "unprecedented and clearly erroneous" rulings "guarantee[ ]" constitutional error at their impending trials, appellants ask us to: (1) order the district court to dismiss the indictment as a matter of law; or (2) direct the district court to conduct additional pretrial hearings regarding the use of their immunized testimony.

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). The writ, which may be granted or withheld in the court's discretion, *Ex parte Republic of Peru,* 318 U.S. 578, 584, 63 S.Ct. 793, 797–98, 87 L.Ed. 1014 (1943), will be denied where another adequate remedy is available, *id.,* or where its issuance would "thwart the congressional policy against piecemeal appeals." *Parr v. United States,* 351 U.S. 513, 520–21, 76 S.Ct. 912, 917, 100 L.Ed. 1377 (1956). A petitioner seeking a writ of mandamus must therefore demonstrate that "appeal is a clearly inadequate remedy." *Ex parte Fahey,* 332 U.S. 258, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1947).

As we noted in dismissing the appeals as premature, any claims of unfair prejudice arising out of alleged grand jury error will be reviewable on direct appeal following conviction. *Supra* at 221–222. Appellants thus have failed to demonstrate how the remedy afforded by direct appeal will be "clearly inadequate" to correct the perceived wrong. If appellants are correct in their assertion of unfairly prejudicial error, and those errors are properly preserved for appeal, vacation of the judgment of conviction and dismissal of the indictment will provide a full and fair remedy to appellants.

Moreover, appellants' claims of abuse of discretion by the district court with regard to the proposed use of immunized testimony at trial does not warrant mandamus relief. In *United States v. De Diego,* 511 F.2d 818, 823–24 (D.C.Cir.1975), we held that:

> [a] trial court faced with a pretrial motion to dismiss the indictment because of immunity granted by Federal or State Governments has basically four alternative procedures for determining whether or not the prosecution's evidence is tainted: (1) it can hold a pre-trial evidentiary hearing; (2) it can hold a taint hearing during the trial as the questioned evidence is offered; (3) it can hold a post-trial hearing to determine taint; or (4) it can use a combination of these alternatives.

Clearly, this procedure vests in the district court a considerable degree of discretion to fashion the procedure most conducive to resolving fully and fairly all issues regarding the use of immunized testimony at trial. Pursuant to our holding in *De Diego,* there remains a considerable degree of latitude in the district court, both during and after trial, to correct any perceived errors. Any errors that remain, if properly preserved, may become the subject of review on direct appeal.

Accordingly, because there exists a clearly adequate remedy on direct appeal from

---

5. In light of the unsettled caselaw from other circuits, we do not fault counsel for pursuing these protective appeals. We simply hold that appellate review must await termination of the proceedings by final judgment.

any judgment of conviction, and to grant mandamus relief would thwart the congressional policy against piecemeal appeals, the petition for a writ of mandamus is denied.