**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Crim. No. 88–0080–02.**

United States District Court, District of Columbia.

March 17, 1989.

## ORDER

GESELL, District Judge.

*Re: Witness Voir Dire Motion Number 9, To Preclude Testimony or, in the Alternative, To Propound Questions Before a Witness Testifies.*

This omnibus motion was filed at the suggestion of the Court, following a series of filings of separate motions to the same effect before each prosecution witness commenced his testimony.

The defendant suggests that his Fifth Amendment rights are being violated and that the Court is not adhering the requirements of 18 U.S.C. § 6002 and *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The defendant urges the Court not to permit any testimony at all, or, at a minimum, to permit the defendant to conduct an extensive *voir dire* of each witness in advance of testimony, mainly regarding refreshment or possible second-hand exposure to immunized testimony.

North objects despite the Court's clear instructions to each witness, as illustrated by the instruction given to Robert Owen:

> Before you get started with your testimony, Mr. Owen, I want you to understand that you are not at anytime in your testimony to refer to any matter that you don't know of your own personal knowledge. You may not refer to any matter that you heard or learned about in any way in whole or in part from Mr. North at the time he was testifying on the Hill. If a question is asked you and you do not know in your own mind whether you knew it and know it yourself or whether you are relying on something you heard from him in his testimony, then you are not to answer. Do you understand?

Transcript at 2120–2121.

When a witness indicated uncertainty when he was instructed he was dismissed. Tr. 3338–3339.

The lengthy *voir dire* proposed by the defendant would be a diverting, unnecessary mechanism that would illuminate no material issue, in light of prior inquiries into the matter and the instructions given each witness prior to testifying in Court.

The motion is redundant and defendant's position has already been fully protected for appeal and rejected. Early in the proceedings of this case, the Court held extensive hearings on *Kastigar* issues. The Court examined whether the Independent Counsel obtained witnesses by leads independent of the immunized Congressional testimony and made holdings with respect to these and related evidentiary problems in its June 16, 1988 *Memorandum and Order. United States v. Poindexter*, 698 F.Supp. 300 (D.D.C.1988). Defendants lost an appeal by mandamus. *United States v. Poindexter*, 859 F.2d 216 (D.C.Cir.1988).

The motion and preceding "Witness Voir Dire Motions" are denied.