9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Adrian Arnett WILLIAMS, also known as A-Bone, also known as
A.K., Defendant-Appellant.
 No. 93-1423.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1993.
 
 Before ANDERSON, EBEL, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining plaintiff's motion to dismiss, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from an order denying his motion to dismiss the indictment. He argues that his motion to dismiss was functionally the equivalent of a claim of double jeopardy.
 
 
 3
 Generally, an order denying a motion to dismiss an indictment is not a final, appealable order. See United States v. Hollywood Motor Car Co., 458 U.S. 263, 264 (1982). An appeal from an order denying a motion to dismiss an indictment on double jeopardy grounds, however, is an appealable collateral order over which a court of appeals may exercise jurisdiction. Abney v. United States, 431 U.S. 651, 659, 662 (1977).
 
 
 4
 Under the circumstances of this case, the motion to dismiss is not the functional equivalent of a double jeopardy claim. The motion to dismiss was based entirely upon a claim of discriminatory prosecutorial discretion. There was no suggestion of a double jeopardy issue in the motion. Defendant cannot now assert that the motion was the functional equivalent of a double jeopardy claim. "We see no justification for abandonment of the long-standing principle that disfavors piecemeal appeals; therefore, this appeal must be dismissed." United States v. Taylor, 798 F.2d 1337, 1340 (10th Cir.1986).
 
 
 5
 Accordingly, the appeal is DISMISSED for lack of jurisdiction. The government's emergency motion to dismiss the appeal for lack of jurisdiction is GRANTED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3