**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3423
_____

UNITED STATES OF AMERICA

v.

NICOLETTE ALEXANDER,
                    Appellant
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 1:16-cr-00021-009)
District Judge:  Honorable Wilma A. Lewis
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2020
_____

Before:  SMITH, Chief Judge, CHAGARES and MATEY,
Circuit Judges

(Filed: January 15, 2021)
_____

John K. Dema
Elise M. Keys
Law Offices of John K. Dema
1236 Strand Street
Suite 103
Christiansted, VI 00820

    <u>Counsel for Appellant</u>

Gretchen C.F. Shappert, United States Attorney
Adam Sleeper, Assistant United States Attorney
Office of United States Attorney
5500 Veterans Drive
United States Courthouse, Suite 260
St. Thomas, VI 00802

Alphonso G. Andrews, Jr., Assistant United States Attorney
Office of United States Attorney
1108 King Street
Suite 201
Christiansted, VI 00820

    <u>Counsel for Appellee</u>

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Appellant Nicolette Alexander filed this interlocutory appeal from the District Court's order denying various pretrial motions to dismiss both the original and superseding indictments against her on the ground that a victim of one of the charged crimes served on the grand jury that returned the original indictment. Because the District Court's order is not a "final decision[]" of the District Court, see 28 U.S.C. § 1291, and is not a "collateral" order subject to immediate review under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949), we lack jurisdiction and will dismiss the appeal.

I.

On September 15, 2016 the Government charged Alexander and nine co-defendants with conspiracy to defraud the United States and theft of government property, in violation of 18 U.S.C. § 286 and 18 U.S.C. § 641, respectively. Nine of the ten defendants, including Alexander, were also charged with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The indictment described a scheme whereby Alexander and her co-defendants filed false tax returns using stolen identities to obtain illegal tax refunds.

One of the grand jurors was an alleged victim of this scheme. This juror's full name was listed in the original indictment as a victim of co-defendant Thema Liverpool, and

3

was also contained in an exhibit presented by the Government during the grand jury proceedings. Moreover, an IRS agent investigating the scheme had interviewed the alleged victim approximately eight months before the grand jury was convened. Nevertheless, when the Government identified Liverpool and the other defendants at the outset of the grand jury proceedings and asked whether the jurors knew any of the defendants, there were no positive responses. The alleged victim went on to participate in the original grand jury's deliberations and voted along with the other 18 jurors to return a true bill.

The Government learned of this alleged defect in the original grand jury sometime between January and July of 2017, leading to "protracted 'interoffice and interdepartmental discussions regarding how to address the matter.'" Appendix ("App.") 11. In late September 2018, the Government ultimately decided to file a superseding indictment, which was returned by a new grand jury on October 5 — about a month before trial was scheduled to begin. The superseding indictment made only limited changes to the original indictment: the full names of the victims were replaced with their initials and minor alterations were made to the "to wit" clauses in certain counts. The Government disclosed the grand jury defect to three defendants who had already pleaded guilty under the original indictment, advising them that if they did not waive any challenge to the original indictment, they would be included in the superseding indictment.

On October 12, 2018, after learning of the grand jury defect the night before, co-defendant Joanne Benjamin filed an emergency motion to dismiss both indictments, compel production of certain grand jury materials, and stay all

4

proceedings.  Alexander filed her own motion to dismiss the indictments several days later.  Following a hearing on October 25, the District Court continued the trial and ordered supplemental briefing on the issues raised by the defendants. The court also ordered the Government to provide additional information on how the grand jury defect was discovered and addressed and to file certain grand jury materials under seal for in camera review.  Among other things, the moving parties argued that the defect in the original grand jury violated the Fifth Amendment's Grand Jury Clause[1] as well as Federal Rule of Criminal Procedure 6(d).[2]  They likewise argued that the superseding indictment was issued after the statute of limitations expired, could not relate back to the defective original indictment, and was therefore time-barred.

On October 5, 2019, the District Court denied the motions to dismiss.  In relevant part, the court assumed without deciding that the defect in the original grand jury was not a harmless error, but concluded that any resulting prejudice

---

[1] The Grand Jury Clause provides in relevant part that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."  U.S. Const. amend. V.

[2] Both subsections of Rule 6(d) are implicated in this appeal.  Rule 6(d)(1) provides:  "The following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device."  Rule 6(d)(2) provides that "[n]o person other than the jurors, and any interpreter needed to assist a hearing-impaired or speech-impaired juror, may be present while the grand jury is deliberating or voting."

could be cured through the issuance of a valid superseding indictment returned by an untainted grand jury. The court then concluded that the superseding indictment in this case was not time-barred, was therefore "valid," and thus cured any error in the original grand jury proceedings.[3] Alexander timely appealed from the order denying the motions to dismiss.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). Our jurisdiction is disputed. We have an independent obligation to ascertain whether we have jurisdiction, and our "review" of this threshold question is plenary. See United States v. Wright, 776 F.3d 134, 139 (3d Cir. 2015).

Typically, the statutory basis for our jurisdiction over appeals taken by criminal defendants is 28 U.S.C. § 1291, which permits the courts of appeals to review the "final decisions" of federal district courts. Wright, 776 F.3d at 140. In criminal cases, "[t]his 'final judgment' rule ordinarily 'prohibits appellate review until conviction and imposition of sentence.'" Id. (quoting Flanagan v. United States, 465 U.S. 259, 263 (1984)). Alexander has not been convicted or sentenced, and the interlocutory order she appeals from is concededly not a final judgment.

Nevertheless, Alexander argues we have jurisdiction over her appeal under the collateral order doctrine, an

---

[3] In this Court, the Government has advised "that it will not proceed to trial on the original indictment," and will instead proceed only on the superseding indictment. Gov't Br. 8.

exception to the final judgment rule that permits interlocutory review by this Court in a narrow range of situations. See Cohen, 337 U.S. at 545-47. To be eligible for immediate appellate review under the collateral order doctrine, a district court order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).

Alexander's briefing largely focuses on the third condition of the collateral order doctrine, that the order in question be "effectively unreviewable." She makes two arguments that the District Court's order will be unreviewable following conviction. First, she notes that insofar as the grand jury defect here violated Federal Rule of Criminal Procedure 6(d), the Supreme Court has held that a guilty verdict at trial renders any Rule 6(d) violation harmless. See United States v. Mechanik, 475 U.S. 66, 70 (1986). Alexander argues that because her motion will necessarily be disposed of one way or another by a jury verdict — denied if she is convicted, mooted if she is acquitted — it will be "effectively unreviewable" following final judgment. See id. at 81 n.1 (Marshall, J., dissenting) (suggesting that as a result of the Mechanik decision, the denial of a Rule 6(d) motion "could conceivably" satisfy the collateral order doctrine). Second, Alexander argues that the Grand Jury Clause provides her a right not to be tried except pursuant to an indictment, and that a "right not to be tried" satisfies the collateral order doctrine's "effectively unreviewable" requirement. She asserts that the grand jury defect here is so fundamental "as to render the original grand jury and its indictment void" and, in effect, not an indictment. Alexander Br. 17. We consider these arguments in turn.

7

## A.

In <u>Mechanik</u>, the defendants learned during trial that two Government witnesses had appeared and testified together before the grand jury. 475 U.S. at 67-68. They argued that this tandem testimony violated Federal Rule of Criminal Procedure 6(d) and moved to dismiss the indictment on this basis. <u>Id.</u> at 68. The trial judge reserved decision on the motion to dismiss until the conclusion of trial. <u>Id.</u>

The Supreme Court assumed that this simultaneous testimony violated Rule 6(d) and that any prejudice arising therefrom would have justified dismissing at least some portion of the indictment had the issue been raised prior to trial. <u>Id.</u> at 69-70. The Court held, however, that the petit jury's guilty verdict rendered "any error in the grand jury proceeding connected with the charging decision . . . harmless beyond a reasonable doubt." <u>Id.</u> at 70. The Court reasoned that Rule 6(d) "protects against the danger that a defendant will be required to defend against a charge for which there is no probable cause to believe him guilty," <u>id.</u> — that is, that the presence of unauthorized individuals before the grand jury will lead the grand jury to make charging decisions unsupported by probable cause. But as the Court observed, "the petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt." <u>Id.</u> Because the trial outcome showed that there was probable cause to believe the defendants were guilty, any error in the grand jury's charging decision was harmless. <u>Id.</u>

8

Alexander may well be correct that, under Mechanik, the pre-trial denial of a Rule 6(d) motion is effectively unreviewable after trial. This Court has held that violations of the grand jury secrecy provisions in Rule 6(e)[4] are not immediately appealable. In so doing, we have repeatedly distinguished between violations of Rule 6(d) and Rule 6(e), on the assumption that the former are not reviewable following trial. See United States v. Johns, 858 F.2d 154, 157-59 (3d Cir. 1988) (holding that denial of a motion to dismiss based on Rule 6(e) violations was not immediately appealable under Mechanik because "the distinction between assertions of error that concern Rule 6(d) and assertions of error that concern Rule 6(e) . . . does suggest a different outcome in the determination of interlocutory review"); see also United States v. Fisher, 871 F.2d 444, 448 (3d Cir. 1989) ("[W]here the grand jury abuse charged involves claimed violations of a defendant's right to fundamental fairness, as distinct from mere technical violations such as a 6(d) violation, such issues . . . survive the final judgment and are reviewable on appeal from a final judgment.").

If Alexander is correct, however, then her appeal fails to satisfy the second condition of the collateral order doctrine: the requirement that the disputed order "resolve an important issue completely separate from the merits." Coopers & Lybrand, 437 U.S. at 468. This conclusion is compelled by the Supreme Court's decision in Midland Asphalt Corp. v. United States, 489 U.S. 794 (1989). In Midland, the Court held that

---

[4] The secrecy provisions of Rule 6(e) are voluminous. In short, they obligate participants in grand jury proceedings not to disclose anything occurring before the grand jury to anyone else, save for certain enumerated exceptions.

an order denying a motion to dismiss an indictment for violations of Rule 6(e)'s secrecy provisions does not satisfy the collateral order doctrine. Id. at 799. The defendant there argued that, under Mechanik, Rule 6(e) violations were "effectively unreviewable" following trial. If this were true, the Court reasoned, it would be because Rule 6(e) and Rule 6(d) have the same purpose: to protect defendants from being charged without probable cause, a danger which "has demonstrably been avoided whenever there is a guilty verdict at trial." Id. at 800. The Court then observed that if Rule 6(e) violations are mooted by guilty verdicts because the Rule's purpose is to prevent indictment without probable cause, it follows that orders denying motions to dismiss premised on violations of Rule 6(e) "cannot be said to 'resolve an important issue completely separate from the merits of the action,' but rather involve 'considerations enmeshed in the merits of the dispute,' and would 'affect . . . *or be affected by*' the decision on the merits of the case." Id. (citations omitted).

The same must be true of Rule 6(d). Under Midland, a Rule 6(d) violation is not an issue "completely separate from the merits" for the same reason that a conviction renders a Rule 6(d) violation harmless beyond a reasonable doubt: both the grand jury's decision to indict and the petit jury's decision to convict turn on the sufficiency of the evidence, an issue "enmeshed in the merits." Id. Insofar as Alexander challenges the denial of her Rule 6(d) motion, then, her appeal does not satisfy the second condition of the collateral order doctrine.

B.

Alexander is correct that deprivation of a right not to be tried satisfies the third condition of the collateral order doctrine

10

and that the Grand Jury Clause "does indeed confer a right not to be tried . . . when there is no grand jury indictment." Id. at 800-02.[5] But not every error in grand jury proceedings implicates this right not to be tried. Rather, "[o]nly a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." Id. at 802.

We have previously observed that since Midland, very few federal appellate decisions have identified grand-jury errors that supported interlocutory jurisdiction. Wright, 776 F.3d at 145. In Wright, we followed the Court of Appeals for the Tenth Circuit, which "in a thorough treatment of the subject, limit[ed] jurisdiction under *Midland* [] to review of 'technical challenge[s] to the *existence* of an indictment,' such as where the defendant may have been indicted by an insufficient number of grand jurors." Id. (quoting United States v. Tucker, 745 F.3d 1054, 1069 (10th Cir. 2014)). In Tucker, the Court of Appeals for the Tenth Circuit contrasted such a technical challenge, which was immediately reviewable, with "a substantive challenge to an indictment's legal propriety," which was not. 745 F.3d at 1069. In Wright, we similarly concluded that an alleged constructive amendment of

---

[5] In Alexander's case, there are two grand jury indictments. The superseding indictment was returned without any alleged errors in the grand jury proceedings. Although Alexander argues that the District Court erred in rejecting her argument that the superseding indictment was returned outside the statute of limitations, we have observed that "denials of motions to dismiss on statute of limitations grounds fail to fulfill in large part the three Cohen criteria." United States v. Levine, 658 F.2d 113, 129 (3d Cir. 1981).

11

an indictment was not a "technical or procedural violation that would cause 'the indictment no longer to be an indictment,'" and held that a challenge to an alleged constructive amendment was not immediately appealable. 776 F.3d at 145 (quoting Midland, 489 U.S. at 802).

The grand jury defect Alexander challenges goes to the legal propriety of the original indictment and is not "so fundamental that it cause[d] the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment." Midland, 489 U.S. at 802. As discussed supra, the danger in having unauthorized persons participate in grand jury proceedings is that they will bias the jury and cause it to indict without probable cause. To succeed on a challenge to such an error, Alexander would likely have to show "that the violation substantially influenced the grand jury's decision to indict," or that there was "grave doubt" to that effect. Bank of N.S. v. United States, 487 U.S. 250, 256 (1988). Alexander's is a substantive challenge implicating the merits of the Government's case. It is not a challenge to the technical validity of the indictment, such as a challenge based on having insufficient votes to indict, Tucker, 745 F.3d at 1068, or on the grand jury's having "served beyond the time it was validly authorized to sit," United States v. Gillespie, 666 F. Supp. 1137, 1137 (N.D. Ill. 1987).[6]

---

[6] This Court has at times characterized violations of Rule 6(d), which prohibits unauthorized persons from participating in grand jury proceedings, as "technical." See, e.g., Fisher, 871 F.2d at 448; Johns, 858 F.2d at 159. Those cases, however, did not concern whether the grand jury's activity was ultra vires, which is how this Court in Wright and

12

In the absence of applicable authority that supports her position, Alexander analogizes to cases where the bias or personal interests of judges or petit jurors required new trials to be granted or convictions to be reversed. She argues that such cases compel the conclusion that "the conduct by the Government here is so contrary to the fundamental concept of justice as to render the original grand jury and its indictment void." Alexander Br. 17. We are not persuaded. While the principle that "no man can be a judge in his own case," id. at 18 (quoting In re Murchison, 349 U.S. 133, 136 (1955)) certainly resonates on the disturbing facts of this appeal, the cases marshalled by Alexander do not support the conclusion that the defect here was "so fundamental that it cause[d] the grand jury no longer to be a grand jury." Midland, 489 U.S. at 802. The cases have little relation to any right not to be tried. Nor do they suggest that the proceedings in question were "technically" invalid in the sense used by the Wright and Tucker decisions — that is, ultra vires or with some other constitutive defect. For example, in United States v. Poole, 450 F.2d 1082 (3d Cir. 1971) (cited at Alexander Br. 17), we ordered a new trial where a defendant convicted of bank robbery was not allowed to ask potential jurors — including a bank teller and the spouse of a bank teller — if they or their families had ever been victims of robbery. Id. at 1082-84. The issue of potential juror bias in Poole was one of legal propriety, not technical validity — one would not say that the original trial in Poole "was not a trial" or was otherwise technically invalid.

---

the Court of Appeals for the Tenth Circuit in Tucker used the phrase "technical challenge."

13

Accordingly, Alexander's claim does not implicate the right not to be tried under the Grand Jury Clause. Any surviving claims of grand jury error can be reviewed following trial. Alexander's argument thus fails on the third condition of the collateral order doctrine.

\* \* \* \* \*

The interlocutory order challenged by Alexander does not "resolve an important issue completely separate from the merits" and is not "effectively unreviewable on appeal from a final judgment." Coopers & Lybrand, 437 U.S. at 468. It is thus not eligible for immediate appellate review under the collateral order doctrine.

III.

For the foregoing reasons, we will dismiss Alexander's appeal for lack of jurisdiction.