16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Shawn TREFF, Plaintiff-Appellant,
v.
Gerald COOK, Warden, Utah State Prison; Gary W. Deland; M.
Eldon Barnes, individually and as prison warden; Myrna
Vigil; Leon Walton; B. Ingle; Vicky Bridwell; Preston
Kay; A. Hunt; John Does, et al., individually and as
prison employees/officers, Defendants-Appellees.
Robert Shawn TREFF, Plaintiff-Appellant,
v.
Evonne T. DEHAAN, Defendant-Appellee.
 Nos. 93-4012, 93-4041.
 United States Court of Appeals, Tenth Circuit.
 Jan. 31, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 In case No. 93-4012, plaintiff Robert S. Treff appeals from an order granting defendants' motion for summary judgment except as to two claims, denying plaintiff's motion for class certification, and dismissing certain claims for injunctive relief as moot. In case No. 93-4041, plaintiff appeals from an order denying his motion for a temporary restraining order and/or preliminary injunction. We consolidate these appeals on our own motion. Fed.R.App.P. 3(b). We conclude that we lack jurisdiction in case No. 93-4012, except with respect to the explicit denial of injunctive relief. We affirm the denial of that relief. We conclude that the order in case No. 93-4041 should be affirmed. Finally, we deny plaintiff's request for mandamus relief.
 
 Case No. 93-4012
 
 4
 In this case plaintiff, a Utah state prisoner, brought a 42 U.S.C.1983 action against several Utah state prison employees, alleging violations of his First Amendment right to exercise his religion, as well as denial of equal protection and due process. He requested various forms of injunctive relief in his complaint. The district court, adopting the magistrate judge's report and recommendation, granted defendants' motion for summary judgment with respect to all claims except two, denied as moot injunctive relief as to defendants Deland and Barnes because these defendants are no longer employed by the Utah prison system, and denied as moot injunctive relief as to plaintiff's request for admission into the Insight Program because he has been admitted into that program.
 
 
 5
 We notified the parties that we were considering summarily dismissing the appeal on the ground that the order was not final or immediately appealable because claims remained unadjudicated in the district court. The parties were directed to obtain an order either granting certification under Fed.R.Civ.P. 54(b) or explicitly adjudicating all remaining claims. Neither party obtained such an order.
 
 
 6
 Pursuant to 28 U.S.C. 1291, this court has jurisdiction to hear appeals from final district court decisions. However, the order is not final because claims remain unadjudicated. Consequently, we lack jurisdiction under 1291.
 
 
 7
 This court also has jurisdiction to hear appeals from interlocutory orders denying injunctions. 28 U.S.C. 1292(a)(1). Those portions of the order expressly denying injunctive relief with respect to defendants Deland and Barnes, and with respect to plaintiff's request to enter the Insight Program, " 'fit[ ] squarely within the plain language of section 1292(a)(1).' " MAI Basic Four, Inc. v. Basis, Inc., 962 F.2d 978, 981 (10th Cir.1992)(quoting Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 874 F.2d 1346, 1351 (10th Cir.1989)). We have jurisdiction of the appeal as to those portions of the order.
 
 
 8
 The district court's order also had the practical effect of denying other requests for injunctive relief because it granted summary judgment on the merits of several claims that requested injunctive relief. We have jurisdiction of an appeal from an order that has the practical effect of denying injunctive relief only if the appellant shows that the order might have some serious, perhaps irreparable, consequence, and can be effectually challenged only by immediate appeal. See Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981). Plaintiff has made no showing to this effect. Thus, we conclude we have jurisdiction only with respect to those portions of the order expressly denying injunctive relief.
 
 
 9
 We conclude that the denial of injunctive relief as to defendants Barnes and Deland should be affirmed. Plaintiff has not challenged the determination that Barnes and Deland are no longer employed by the Utah prison system. His request for injunctive relief as to these defendants, therefore, is moot. See Martinez v. Winner, 771 F.2d 424, 436 (10th Cir.), modified in part and reh'g denied in part, 778 F.2d 553 (10th Cir.1985), vacated on other grounds sub nom. Tyus v. Martinez, 475 U.S. 1138 (1986).
 
 
 10
 We further conclude that the denial of injunctive relief as to plaintiff's request for admission into the Insight Program should be affirmed. Defendants submitted an affidavit to the district court which stated that plaintiff has been admitted into the program. Plaintiff's assertion in his reply brief that he has not been admitted into this program is insufficient to establish a genuine issue of material fact. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992).
 
 Case No. 93-4041
 
 11
 In case No. 93-4041, plaintiff filed a 1983 action alleging that his supervisor at the Utah Correctional Institute, Evonne DeHaan, discriminated against him on the basis of his religion and retaliated against him for filing a grievance. After plaintiff was terminated from his prison job, he filed a motion for a temporary restraining order, requesting that he be reinstated and that DeHaan be prohibited from further retaliation. The district court treated the motion as one for a temporary restraining order and/or a preliminary injunction, and denied it. We have jurisdiction pursuant to 1292(a)(1) to review denial of the motion.
 
 
 12
 To obtain a preliminary injunction, a movant must show that he has a substantial likelihood of success on the merits, that he will suffer irreparable injury absent the injunction, that the threatened injury to him outweighs any damage the injunction may cause his opponent, and that the injunction would not be adverse to the public interest. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir.1991).
 
 
 13
 Additionally, where, as here, the movant requests a preliminary injunction that seeks to disturb the status quo or that is mandatory as opposed to prohibitory, he must show that the above factors weigh heavily and compellingly in his favor. Id. at 1098-99. We will not set aside the district court's order unless that court abused its discretion, committed an error of law, or its preliminary factual findings are clearly erroneous. Id. at 1098.
 
 
 14
 We have reviewed the record and briefs and find no basis for upsetting the district court's denial of plaintiff's motion for a preliminary injunction in case No. 93-4041.
 
 
 15
 We do not address plaintiff's argument that Magistrate Judge Boyce should have recused himself. Magistrate Judge Boyce did not issue the order, or the report and recommendation leading to that order, that we have jurisdiction to review in this appeal.
 
 
 16
 Plaintiff also filed a petition for writ of mandamus in case No. 93-4041, alleging that Magistrate Judge Alba issued a report and recommendation in Treff v. Smith, No. 93-C-271-J (D. Utah Oct. 6, 1993), that decided one of the issues before this court in case No. 93-4041. The district court subsequently adopted the magistrate judge's report and recommendation in Treff v. Smith, and plaintiff has appealed from that order. Case No. 93-4204. The propriety of the magistrate judge's actions can be reviewed in that appeal. Consequently, plaintiff is not entitled to mandamus relief. See United States v. Taylor, 798 F.2d 1337, 1341 (10th Cir.1986)(holding that mandamus may not be used as a substitute for appeal). We also deny plaintiff's request to stay all other cases in which he and Magistrate Judge Alba are involved because he has shown no entitlement to this relief.
 
 
 17
 Those portions of the judgment in case No. 93-4012 denying injunctive relief as to defendants Barnes and Deland and as to admission into the Insight Program are AFFIRMED. The remainder of the appeal in case No. 93-4012 is DISMISSED. The judgment in case No. 93-4041 is AFFIRMED. The petition for writ of mandamus is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation